IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JUAN MIGUEL RAMIREZ ROJAS**, | § | |
| **ID # 55428-177,** | § | |
| | § | |
| Movant, | § | Civil Action No. **3:25-CV-39-L** |
| | § | Criminal Action No. 3:17-CR-112-L(4) |
| v. | § | |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Juan Miguel Ramirez Rojas's ("Movant") amended Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

("Amended Motion"), filed on April 8, 2025 (Doc. 5). After careful consideration and based on

the relevant filings and applicable law, the court, for the reasons herein stated, **denies** the Amended

Motion and **dismisses with prejudice** this action as barred by the statute of limitations.

### I.    Background

Movant challenges his federal conviction and sentence in Cause No. 3:17-CR-112-L(4).

The respondent is the United States of America.

After being charged with three counts in a multi-defendant indictment, Movant pled guilty

under a plea agreement to one count of possession with intent to distribute a controlled substance,

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Crim. Docs. 24, 79, 85.  By Judgment

dated April 27, 2018, the court sentenced him to 168 months' imprisonment, to be followed by

three years of supervised release.  *See* Crim. Doc. 131.  On direct appeal, appellate counsel filed a

brief under *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for

the Fifth Circuit dismissed the appeal on April 30, 2019.  *See United States v. Ramirez-Rojas*, 769

F. App'x 130 (5th Cir. 2019).  Movant did not file a petition for a writ of certiorari with the Supreme Court.

Movant subsequently filed a letter motion dated December 19, 2024 in his criminal case that the court recharacterized as an initial motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  *See* Docs. 2-3.  After the court issued a deficiency notice and order in accordance with *Castro v. United States*, 540 U.S. 375 (2003), Movant filed the Amended Motion.  *See* Docs. 4-5.  In it, he asserts that his trial counsel rendered ineffective assistance during plea negotiations and sentencing and that his guilt plea was involuntary.  *See* Doc. 5 at 4-8.[1]  Because the Amended Motion appeared to be untimely, the court ordered Movant to respond regarding the application of the one-year limitations period for § 2255 motions.  *See* Doc. 6.  In his response to the court's order, he appears to argues that the Amended Motion should proceed because his counsel did not give him information about the possibility of and deadline for filing a § 2255 motion; he is ignorant of the law; the COVID-19 Pandemic affected inmates in all prisons; he had bad communication with his family; and mail was slow.  *See* Doc. 9 at 1.

## II.  Statute of Limitations

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
>
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Under § 2255(f)(1), Movant's conviction became final on July 29, 2019, when the ninety-day period for filing a certiorari petition with the Supreme Court expired.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  Movant does not allege that government action prevented him from filing a § 2255 motion earlier, and he has not identified any right newly recognized by the Supreme Court.  *See* 28 U.S.C. §§ 2255(f)(2)-(3).  Regarding § 2255(f)(4), the facts supporting Movant's claims that his counsel rendered ineffective assistance and that his guilty plea was involuntary became known or could have become known through the exercise of due diligence prior to the date his conviction became final.

Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, July 29, 2019.  A timely § 2255 motion under § 2255(f)(1) therefore must have been brought by July 29, 2020.  Gutierrez filed his initial § 2255 motion no earlier than December 19, 2024, the date he signed the recharacterized § 2255 motion.[2]  *See* Doc. 3 at 4.  Because Movant filed his recharacterized § 2255 motion over four years

---

[2] "Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019).  Although it is not clear from the record when Movant placed his recharacterized § 2255 in the prison mailing system, the court assumes, in Movant's favor, that he placed it in the prison mailing system on the same day that he signed and dated it, which was December 19, 2024.  The court also assumes arguendo that the grounds for relief contained in the subsequent Motion relate back

after his limitations period expired, it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

### A. Equitable Tolling

The AEDPA's one-year statutory deadline is not a jurisdictional bar and "may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). It is not "intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (citation and internal quotation marks omitted). The movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine whether there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

---

to the filing of the recharacterized initial § 2255 motion.

**Memorandum Opinion and Order – Page 4**

Here, to the best of the court's understanding of Movant's response regarding limitations, Movant seeks equitable tolling because: (1) his counsel did not give him "good[]information" about the possibility of and timing for filing a § 2255 motion; (2) he lacked knowledge of the "Federal Laws and the minimum information" for filing a § 2255 motion at his various places of confinement; (3) the COVID-19 pandemic "af[f]ected [ ] so many inmates in all prisons; (4) he had "bad communication with [his] Family"; and (5) the delays of "the department of mail in so many Institutions" provided "another [p]roblem" for sending a § 2255 motion. Doc. 9 at 1.

Movant's allegations do not indicate that he exercised any diligence—much less reasonable diligence—in pursuing his rights throughout the years he seeks to equitably toll. *See Perez v. Director, TDCJ-CID*, No. 2:25-CV-32-Z-BR, 2025 WL 3234675, at *3 (N.D. Tex. Oct. 6, 2025) ("[The petitioner] must have 'acted with reasonable diligence throughout the period he seeks to toll.'"), *rec. adopted*, 2025 WL 3231984 (N.D. Tex. Nov. 19, 2025). They also do not amount to extraordinary circumstances such that equitable tolling would be warranted. Movant's assertions that his counsel did not inform him about the availability of or deadline for a § 2255 motion and that Movant was ignorant of the law in his units of incarceration are insufficient to merit equitable tolling. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Doyle v. Director, TDCJ-CID*, No. 2:20-CV-206-Z-BR, 2022 WL 1432579, at *7 (N.D. Tex. Apr. 13, 2022) ("Petitioner does not 'merit equitable tolling for counsel's failure to advise him of the federal filing deadline.'"), *rec. adopted*, 2022 WL 1424988 (N.D. Tex. May 4, 2022). Further, to the extent he identifies the COVID-19 pandemic, poor communication with his family, and general mail delays as grounds for equitable tolling, Movant fails to show how these issues specifically affected his own efforts and ability to file a timely § 2255 motion, much less explain how these delays extended

**Memorandum Opinion and Order – Page 5**

over a period lasting longer than four years. His conclusory assertions fail to establish the existence of extraordinary circumstances warranting equitable tolling.

Accordingly, Movant's allegations fail to show that he exercised reasonable diligence in pursuing his rights or the existence of any rare and exceptional circumstance preventing him from filing a timely § 2255 motion. He therefore has not carried his burden to establish circumstances meriting equitable tolling.

### B.  Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . [or] expiration of the statute of limitations." *Id.* at 386. A credible claim of actual innocence to excuse the untimeliness of a habeas petition "must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). The evidence must persuade a district court that it is more likely than not that no reasonable factfinder would have found the movant guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *See id.* "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (quoting *McQuiggin*, 569 U.S. at 401 and citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D.

Tex. Mar. 7, 2014) (citing cases).  Even if it does, Movant does not allege that he is actually innocent of his offense of conviction, and his claims do not present evidence of actual innocence. Accordingly, he is not entitled to the actual-innocence exception to the applicable limitations period, and the Motion is time-barred.

## III. Conclusion

For the reasons herein stated, the court **denies** Movant's Motion, filed on April 8, 2025 (Doc. 5), and **dismisses with prejudice** this action as barred by the applicable one-year statute of limitations.

**It is so ordered** this 7th day of May, 2026.

_____
Sam A. Lindsay
United States District Judge